IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Willard E. Bartel and David C. Peebles, Administrators of the Estate of Charles Rich, Deceased, | Case No. 1:98CV14094 |
| Plaintiffs, | |
| v. | ORDER |
| A-C Product Liability Trust, et. al, | |
| Defendants. | |

This is an asbestos case, joining together claims of injury due to land-based and sea-based exposures to asbestos-containing materials.  At issue is the choice of law for the two claims.  Once the choice of law has been established, next to be determined is whether either claim will be tried to a jury.  For the following reasons, the sea-based claim will be tried under admiralty jurisdiction applying federal maritime law, and the land-based claim will be tried under diversity jurisdiction applying Montana state law.  Both claims will be tried before the same jury.

**Factual Background**

In August, 2003, Charles Rich was diagnosed with malignant mesothelioma.  He died in July, 2006.  His sickness and eventual death were allegedly caused by his exposure to asbestos throughout his life.  Just after World War II, Rich was a merchant seaman; he worked as an engineer and electrician on ships for five years from 1945 - 1950.  In 1955, Rich began work as an engineer at a jet fuel refinery in Montana, a job he kept for twenty years.  Rich was exposed to asbestos in both jobs.

The two separate claims have been joined together in this case because it is likely impossible to determine whether the asbestos exposure that eventually killed Rich came from his work as a seaman, his duties at the refinery in Montana, or both.  The remaining defendants in this case are manufacturers, whose products contained asbestos.  Plaintiff alleges defendants' products are the root cause of Rich's mesothelioma.

The administrators of the estate of Charles Rich, the plaintiff, have filed a demand for a jury, and submitted briefs regarding choice of law.  Plaintiff and defendants all agree, as does this court, that the first claim alleging injuries due to asbestos exposure on sea vessels is properly within admiralty jurisdiction and maritime law applies. *See, e.g., Miller v. American Heavy Lift Shipping,* 231 F.3d 242, 249 (6th Cir. 2000) (recognizing asbestos injury claims brought in admiralty with applicable maritime law, when exposure occurred on sea vessels).

Plaintiff and defendants also agree that the Jones Act, which allows claims by a seaman against his employer,  46 App. U.S.C.A. § 688 (2006), is no longer applicable because the remaining defendants are not former employers of Mr. Rich.

## Discussion

### I.  Jurisdiction

#### A.  Admiralty Jurisdiction

Article III, § 2 of the United States Constitution grants judicial power to the federal courts to try "all Cases of Admiralty and Maritime Jurisdiction."  Pursuant to this Constitutional bestowal, Congress passed 28 U.S.C.A. § 1333(a) giving federal district courts original and exclusive jurisdiction over "any civil case of admiralty or maritime jurisdiction."

A party generally asserts admiralty jurisdiction under Rule 9(h) of the Federal Rules of

Civil Procedure. Fed. R. Civ. P. 18(a). Rule 9(h) provides that, "if the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not." Admiralty jurisdiction thus can be applied if a substantial nexus to maritime law and activities is found, whether parties have or have not asserted admiralty jurisdiction. *Pope and Talbot, Inc. v. Hawn*, 346 U.S. 406, 409 (1953) (if a cause of action is brought under common law but is cognizable in admiralty, admiralty jurisdiction and federal substantive maritime law apply); *Coleman v. Slade Towing Co.*, 759 F. Supp. 1209, 1212 (S.D. Miss. 1991) ("[O]nce the underlying cause of action has been found to constitute a maritime tort, the application of maritime law is mandated, claims of diversity jurisdiction notwithstanding.").

Rule 9(h) also states that if the federal district court has more than one basis for jurisdiction over the claim, the claim is treated as a non 9(h) claim, unless the plaintiff specifically applies for 9(h) designation. Fed. R. Civ. P. 9(h). An example of a separate basis for federal jurisdiction over an admiralty claim is diversity. 28 U.S.C.A. § 1332 (2005).

### B. Federal Diversity Jurisdiction over Maritime Claims

The "savings to suitors" clause of 28 U.S.C.A. § 1333(a) allows a party the choice to proceed under admiralty jurisdiction or general civil jurisdiction if both admiralty and non-admiralty federal jurisdiction exists. *Wilmington Trust v. U.S. Dist. Court for Dist. of Hawaii*, 934 F.2d 1026, 1029 (9th Cir. 1991) (citing *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines*, 369 U.S. 355, 359-60 (1962)). Furthermore, a plaintiff may join an admiralty claim with a legal and equitable claim in one case. Fed. R. Civ. P. 18(a). Consequently, the jurisdictional basis and the applicable substantive law may differ for two claims within a case.

In the present case, plaintiff Rich claimed federal diversity jurisdiction against the

3

product manufacturer defendants. Doc 1, ¶ 1. Rich stated that if federal diversity jurisdiction did not exist, then, covering his bases, he sought federal jurisdiction under Rule 9(h).[1] Because there is diversity between the parties, and because plaintiff asserted diversity jurisdiction, this court assumes federal jurisdiction over the land-based claims through diversity.

An admiralty claim brought under federal diversity jurisdiction still applies federal substantive maritime law. Steven F. Friedell, *When Worlds Collide: The In Rem Jury and Other Marvels of Modern Admiralty*, 35 J. Mar. L. & Com. 143, 148 (2004) ("It is axiomatic that admiralty law applies to any admiralty case ... regardless of whether the party has alleged admiralty jurisdiction or designated the claim as a maritime claim. Thus, an assertion in a pleading that admiralty law governs a claim . . . is true even if the claim is not tried according to maritime procedure.") (citing *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406 (1953); *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 206 (1st Cir. 1988)). Courts apply the same substantive law to all maritime claims, regardless of the basis for the court's jurisdiction. *See Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406 (1953). Therefore, this court must determine whether the land-based claim is truly an admiralty claim, and whether maritime law will apply.

II. Substantive Law

A. Maritime Claims

Whether doctrines of maritime law apply in tort cases within a federal court's admiralty

---

[1]

Specifically, plaintiff's complaint states:
> This Court takes jurisdiction . . . with regard to the Products Defendants, by virtue of 28 U.S.C. § 1332, whereby the parties are of diverse citizenship... but in the event of individual variance therefrom as herein pleaded aforesaid, then Plaintiff for such variance hereby invokes Rule 9(h) of the Federal Rules of Civil Procedure constituting an admiralty cause. Doc 1, ¶ 1.

jurisdiction depends on location, and a connection with maritime activity. *See Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995); *Sisson v. Ruby*, 497 U.S. 358 (1990); *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249 (1972).

The "locality" prong asks "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Grubart*, 513 U.S. at 534. Application of the maritime connection prong involves two steps. First, the court must determine if the incident has "a potentially disruptive impact on maritime commerce." *Sisson v. Ruby*, 497 U.S. at 363. The court must then determine whether the character of the activity giving rise to the incident shows "a substantial relationship to traditional maritime activity." *Id.* at 365; *Grubart*, *supra*, 513 U.S. at 534.

### 1. Locality Prong of *Sisson v. Ruby* Test

The location of the land-based claim of injury due to asbestos was an oil refinery in Montana. In a products liability case, maritime law and admiralty jurisdiction can only be applied if the injury caused by the defective product occurred on navigable waters. This claim is clearly land-based and thus not subject to federal maritime substantive law.

### a. Applicable Maritime Law for Asbestos Cases: Locality

Other courts have examined whether admiralty jurisdiction and maritime law apply in cases of asbestos exposure, when only some of the exposure occurred on navigable waters. *See, e.g., Harville v. Johns-Manville Products Corp.*, 731 F.2d 775, 782 (11th Cir. 1984) ("This case presents the issue whether the situs test is met when an injury is the result of a number of exposures, only some of which occurred in a maritime situs, and where the effects of the various exposures are indivisible."). The majority of these cases concerned shipyard workers who

worked on ships while in the shipyard on land, as well as at sea.[2]

Of these cases, only *Owens-Illinois Inc. v. United States District Court*, 698 F.2d 967, 969 (9th Cir. 1983) specifically addresses a separate land-based claim of asbestos that does not derive from the same work and situation as the sea-based claim. The Ninth Circuit in *Owens-Illinois Inc.* stated:

> This action cannot be founded solely on admiralty jurisdiction. Plaintiff's land-based exposure to asbestos fails to satisfy even the traditional test for admiralty jurisdiction: that a suit in tort is cognizable in admiralty only if the tort occurred on or over navigable waters...Plaintiff's claims of exposure aboard ships floating on navigable waters do satisfy this traditional location test. 698 F.2d at 969.

Other circuits likewise have limited the reach of admiralty law to sea-based asbestos claims.[3]

I agree that Rich's sea-based claims are appropriately under admiralty jurisdiction and maritime law, but the land-based claim is separate and maritime law is not appropriate for that

---

[2] Many circuits have held admiralty jurisdiction does not extend to land-based shipyard exposure claims. *See, e.g., Austin v. Unarco Industries, Inc.,* 705 F.2d 1 (1st Cir. 1983); *Eagle-Picher Industries, Inc. v. U.S.,* 846 F.2d 888 (3d Cir. 1988); *Oman v. Johns-Manville Corp.,* 764 F.2d 224 (4th Cir. 1985).

[3] *See, e.g., Woessner v. Johnson-Manville Sales Corp.*, 757 F.2d 634, 638 (5th Cir. 1985) (holding the locality requirement for admiralty jurisdiction was met only to the extent that the claims arose from exposures that occurred on navigable waters); *Harville v. Johns-Mannville Products Corp.*, 731 F.2d 775, 782-83 (11th Cir. 1984) ("It is true, of course, that claims arising from land-based exposures do not meet the situs test, and maritime law does not recognize them . . . the plaintiffs have met the location test for at least that part of their claims that is the result of exposures that occurred on navigable waters."); *Keene Corp. v. U.S.*, 700 F.2d 836, 844 (2d Cir. 1983) ("Admiralty jurisdiction clearly does not extend to those workers who were exposed to asbestos in power plants, refineries, and other land-based commercial facilities . . ."); *Coleman v. Slade Towing Co.*, 759 F. Supp. 1209 (S.D. Miss. 1991) (holding that where exposures were both on land and on navigable waters, situs requirement was only met for those exposures suffered on navigable waters).

claim. The land-based claim fails the situs test.

2. "Substantial Relationship to Maritime Activity" Prong of the *Sisson v. Ruby* Test

The land-based claim also fails the maritime connection test to establish admiralty jurisdiction and maritime law. Asbestos exposure at an oil refinery in Montana does not have a "potentially disruptive impact on maritime commerce." *Sisson*, 497 U.S. at 363. Even if there exists an argument about disruption of maritime commerce, asbestos exposure at an oil refinery does not have "a substantial relationship to traditional maritime activity." *Id.* at 365. *Grubart* makes clear that a court should "ask whether a tortfeasor's activity, commercial or noncommercial, on navigable waters is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand." 513 U.S. at 539-40. The claim of asbestos injury at a refinery in Montana is not closely related to admiralty law, nor is it related to traditional maritime activity. The land-based claim fails both prongs of the test; substantive federal maritime law will not apply to the land-based claim.

B. Applicability of Montana State Law

To determine choice of a law, "a Federal Court sitting in diversity must apply choice-of-law rules of the state of which it sits." *Calhoun v. Yamaha Motor Corp.*, 216 F.3d 338, 343 (3d Cir. 2000), citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941).

The Ohio Supreme Court follows the Restatement of the Law of Conflicts. *Morgan v. Biro Mfg. Co., Inc.,* 15 Ohio St. 3d 339, 341-42 (1984). A presumption is created under § 146[4]

---

[4] Restatement (Second) of Conflict of Laws § 146 (1971), states:

In an action for a personal injury, the local law of the state where the injury occurred

that law of the place of the injury controls, unless another jurisdiction has a more significant relationship to the lawsuit. *Id.* at 342.

When determining which state has a more significant relationship to the case, a court considers: 1) the place of the injury; 2) the place where the conduct causing the injury occurred; 3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; 4) the place where the relationship between the parties, if any, is located; and 5) any factors under § 6[5] which the court determines are relevant. *Id.*

Taking these factors into consideration, I conclude that Montana law appropriately applies to the land-based claim in this case. The alleged injury occurred in Montana from conduct in that state, which also was Rich's domicile for twenty years. These factors support application of Montana law to the land-based claim. Furthermore, Montana state law recognizes tort causes of action for product liability sounding in negligence, design defect, manufacturing

---

determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and to the parties, in which event the local law of the other state will be applied.

[5] Restatement (Second) of Conflict of Laws § 6 (1971), states:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law. (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of law to be applied.

defect, and strict liability. *Keading v. W.R. Grace & Co.*, 289 Mont. 343 (1998); Montana Code Annotated 27-1-703 and MCA 27-1-705 (establishing several liability in injury to party torts); MCA 27-1-719 (liability of seller of product for physical harm to user or consumer).

### III. Jury Determination

Forty years ago, admiralty actions were unified with civil actions under the Federal Rules of Civil Procedure. Prior to 1966, plaintiffs brought suit on the "law side" of the federal court, based on diversity or other non-maritime jurisdiction, or on the "admiralty side." Since 1966, admiralty claims can be joined with non-admiralty claims. Fed. R. Civ. Pro. 42(a).

One major difference between admiralty jurisdiction and admiralty rules of procedure, and jurisdiction in law and equity is the right to a trial by jury. A claim in law can be tried to a jury; admiralty claims historically have been tried without a jury.[6]

When an admiralty claim is joined with a non-admiralty claim, circuits are divided as to whether a jury trial applies to both claims. The seminal case of *Fitzgerald v. United States Lines Co.* held that, in certain situations, admiralty and civil claims must both be tried together by a jury. 374 U.S. 16, 21 (1963). The opinion in *Fitzgerald* is a reminder that, even if historically admiralty cases have been tried to the bench, neither the Constitution nor "any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid[s] jury trials in maritime cases." *Id.* at 20.

Indeed, when two claims arise from the same injury and interconnected facts, it may be

---

[6] The Seventh Amendment does not require a jury trial in admiralty law. *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20 (1963). Federal Rule of Civil Procedure 38(e) further provides: "These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."

best, in the interest of expediency and judicial efficiency, to have one fact-finder, a jury, for interrelated causes of action. *Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 266 (3d Cir. 1969). A maritime cause of action can be tried to a jury when brought with a civil cause of action. *See Owens-Illinois, Inc. v. United States District Court*, 698 F.2d 967, 971-72 (9th Cir.1983). Although *Fitzgerald* applied to joining an admiralty claim with a Jones Act claim, courts have recognized the pragmatic considerations behind the holding, and have allowed one jury to try joined admiralty and non-admiralty claims. *See, e.g., Vodusek v. Bayliner Mariner Corp.*,71 F.3d 148, 154 (4th Cir. 1995) (holding plaintiff was entitled to a jury trial for admiralty and non-admiralty claims because "the considerations underlying the pragmatic rule of *Fitzgerald* dictate its application, even when the plaintiff has named different defendants in those claims.").[7]

The sea-based count, under admiralty jurisdiction and subject to federal substantive maritime law, will also be tried by the same jury. This serves judicial economy, particularly where a plaintiff attributes his underlying injury to multiple product defendants. This decision is in line with liberal rules of joinder, Supreme Court case law in support of merger, and the congressional merger of admiralty and federal procedural rules in the 1966 Amendments.

## Conclusion

For the foregoing reasons, it is

ORDERED THAT

1. Plaintiff's sea-based claim shall be tried under this court's admiralty jurisdiction,

---

[7] As one authority has noted, "the only incompatibility is historical...[o]ver the long term, all the implications of merger favor uniform treatment of claims according to their functional characteristics." George Rutherglen, *The Federal Rules for Admiralty and Maritime Cases: A Verdict of Quiescent Years*, 27 J. Mar. L. & Com. 581, 594 (1996).

applying federal maritime law;

    2. Plaintiff's land-based claim shall be tried under Montana law;

    3. All claims to be tried before a single jury.

So ordered.

                                            s/James G. Carr
                                            <u>James G. Carr</u>
                                            <u>Chief Judge</u>