IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Charles Wille,<br>                   Plaintiff,<br>-vs-<br>A-C Product Liability Trust, et al.,<br>                   Defendants.<br><br> and<br><br>Charles Rich, et al.,<br>                   Plaintiffs,<br>-vs-<br>A-C Product Liability Trust, et al.,<br>                   Defendants. | Case Nos. 1:98 CV 12997<br>              1:98 CV 14094<br><br>O R D E R<br><br>JUDGE JACK ZOUHARY |

The Court conducted a Record Hearing on pending Motions for Summary Judgment on December 20, 2007.

Counsel present: John Cardello, Donald Krispin, Duane Marsden and Tim Swofferd for Plaintiffs; Evan Palik, Harold Henderson, Douglas Simek and John Patterson for Defendants.

After argument of counsel, the Court held as follows.

Regarding Shipowner Defendants' Motion for Summary Judgment and/or Partial Summary Judgment (*Wille* Doc. No. 198), the Court found that reasonable minds could reach different conclusions based upon the totality of the evidence and therefore the Motion is denied.  The Court felt that the cases of *Witte* and *Papai* were distinguishable and, under the controlling authority of *Chandris*, the status of Plaintiff as a seaman, under the facts of this case, is an issue of fact for the jury.  The Motions for Summary Judgment of Defendants John Crane; Garlock Sealing, Anchor

Packing and Coltec Industries; and A. W. Chesterton (*Wille* Doc. Nos. 231, 235 and 237; *Rich* Doc. Nos. 194, 210 and 211) are also denied. As a general statement, Plaintiffs have provided sufficient lay and/or expert testimony to establish a *prima facie* case of whether there was "sufficient exposure" to these products by Plaintiffs that caused or contributed to cause their mesothelioma. Under the standard set forth in *Lindstrom v. Bartel*, 424 F.3d 488, 492 (6th Cir. 2005), Defendants concede that Plaintiffs have produced sufficient evidence identifying their respective products and that their respective products contained asbestos. Unlike *Lindstrom*, Plaintiffs have done more than "a mere showing that a manufacturer's asbestos-containing product was on the premises of the deceased's workplace" and have offered evidence that asbestos was released into the air above background levels. Therefore, the jury is entitled to determine whether that exposure was "a substantial factor in causing the injury."

Trial date of January 15, 2008 (*Rich)* is vacated and reset, with agreement of counsel, to **Tuesday, January 29, 2008 at 9:00 a.m. (in Toledo not Cleveland)** All pretrial filings, pursuant to the Trial Order filed contemporaneously with this Order, are due by **January 8, 2008**. Trial date of **Tuesday, February 19, 2008** (backup March 20, 2008) (**in Toledo not Cleveland**) (*Wille*) is confirmed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 28, 2007